United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DONALD MILLS,

    Defendant.

Case No.: CR 12-0664 YGR-2 (KAW)

ORDER MODIFYING CONDITIONS OF RELEASE

On December 5, 2012, the Court held a hearing on Pretrial Services' request to modify Defendant Donald Mills' conditions of pretrial release. At the hearing, Assistant United States Attorney James Mann appeared on behalf of the government. Defendant was present and represented by his attorney, Suzanne M. Morris. Pretrial Services Officer Victoria Gibson was also present at the hearing.

Defendant was charged in an indictment with violations of 18 U.S.C. § 922(g) (felon in possession of a firearm), 21 U.S.C. § 846 (conspiracy with intent to distribute at least 100 grams of heroin), and 21 U.S.C. §841(a)(1) and (b)(1)(B) (distributing/ possessing with intent to distribute at least 100 grams of heroin), and 18 U.S.C § 2.

He was released from custody on May 1, 2012, subject to a number of conditions of release, including placement at a 90-day residential program at New Bridge. On July 27, 2012, Defendant's bond was modified at the recommendation of Pretrial Services, and on August 3, he was released from New Bridge, after successful completion of the program, to the custody of his mother. The following terms were added to the conditions of his release: he was subject to a 9 p.m. to 6 a.m. curfew, enforced by electronic monitoring, and he was to seek and maintain verifiable employment or participate in an educational program as directed by Pretrial Services.

1

All other conditions, including but not limited to drug testing and counseling, remained as originally imposed.

On November 29, 2012, Pretrial Services submitted a violation notice to the court requesting that the conditions of Defendant's release be modified. Gibson reported that Defendant missed a drug test on November 21, 2012 – the day before Thanksgiving. Pretrial Services was not aware of the missed test until November 26 and, at that time, instructed Defendant to report to the office the following day for a drug test. Defendant tested on November 27, 2012, and the result was negative. Ms. Gibson also reported that Defendant remains unemployed and has not shown Gibson documentation of significant efforts toward securing employment. He provided a letter from Acorn Recreational Center stating that he had volunteered at the center. But since the Acorn Housing Project was related to the instant offense, Gibson believes that it is not appropriate for Defendant to frequent the area. Gibson believes that Defendant's conduct on release has been marginal at best, as he had missed "prior" drug tests and counseling sessions and was involved in an altercation at New Bridge. The violation notice did not specify the number of "prior" drug tests missed by Defendant.

At the hearing, Ms. Gibson stated that Defendant has failed to provide verification of his attendance at GED classes and did not call in on the prior Friday. Gibson stated that Defendant needs more structure and supervision in his daily activities, and that his location monitoring condition should be modified to lockdown, with leave only for court, legal and Pretrial Services visits, counseling, and school/employment/volunteer work (approved by Pretrial Services).

Defendant argued that he successfully completed the New Bridge program and currently attends a New Bridge aftercare program every Saturday. He stated that the New Bridge altercation occurred a few months ago between himself and another resident he was placed with who was the person who had introduced him to the undercover ATF agent involved in his case. The individual started talking about their criminal cases, and a verbal altercation ensued. Defendant took responsibility for his part in the altercation, and he and the other individual have resolved their differences and are able to attend program meetings at the same time. Defendant also attends

2

therapy sessions at Sharper Future every Thursday, and was late one time which made him unable to participate.

Regarding Defendant's job search, he stated that he applied for an Identification Card, but has not received it yet, and his criminal history makes it very difficult for him to obtain employment in the current job market even though he has applied to multiple jobs through the Employment Development Department. He also stated that his mother has been recently diagnosed with cancer and he has been taking care of her. He acknowledged the recently missed drug test, and noted that the results of his drug tests have been consistently negative despite having suffered a decade of heroin addiction.

This Court must release Defendant "subject to the least restrictive . . . conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). The Court finds that, given the facts above, including the missed drug test, failure to call in, and failure to provide verification of attendance at GED classes and applications for employment, the current conditions of release will not adequately assure Defendant's appearance and the safety of the community. But the modification recommended by Pretrial Services will reasonably address these concerns.

Accordingly, the Court modifies Defendant's conditions of release as follows. Defendant's location monitoring condition is changed to lockdown, and Defendant shall only leave his residence for legal and Pretrial Services visits, counseling, and school/ employment/ volunteer work, as deemed appropriate by Pretrial Services. Defendant may obtain permission from Pretrial Services to accompany his mother to doctor appointments, subject to verification of each appointment.

IT IS SO ORDERED.

DATED: December 6, 2012

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE